IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | CV 415-025 |
| 3,618 LAMPS AND LIGHTING FIXTURES, | * | |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court is the Government's Motion to Approve Consent Order of Forfeiture and Final Judgment. (Doc. 19.) On January 15, 2014, February 20, 2014, and March 14, 2014, Officers with the United States Customs and Border Protection ("CBP") detained 3 separate containers, holding 3,618 table lamps, floor lamps, and/or lighting fixtures (collectively the "Defendant Property") at the Port of Savannah, Chatham County, Georgia. These goods were subsequently seized by CBP pursuant to case numbers 2014-1703-000073-01 (dated February 3, 2014); 2014-1703-000087-01 (March 3, 2014); and 2014-1703-000100-01 (March 26, 2014).

On February 2, 2015, the United States initiated these judicial proceedings by filing a Complaint for Forfeiture in Rem against the Defendant Property pursuant to 19 U.S.C. § 1526(e) as property imported into the United States bearing a counterfeit trademark. The Defendant Property is currently in the custody of

1

CBP. Yaraghi, LLC ("Claimant") was served with a copy of the Complaint and Notice of Forfeiture on or about February 4, 2015. (Doc. 7.) In addition to providing Claimant with personal notice that a Complaint for Forfeiture had been filed and that the Defendant Property had been arrested, the United States notified all other potential claimants by publishing notice on the government internet website, www.forfeiture.gov, for thirty consecutive days beginning on February 6, 2015. (Doc. 13.) Claimant filed a Claim to the Defendant Property on March 10, 2015 (Doc. 9) and has made three motions requesting an extension of time to file an Answer. (Docs. 10, 14, & 16.) No other Claim was filed, and the time in which to do so has expired.

The parties have entered into a Stipulation of Settlement and Release of All Claims resolving all of the issues raised in the Complaint. (Doc. 19-1.) Specifically, the parties agreed that Claimant shall forfeit the Defendant Property to the United States. The parties further agreed that Claimant shall pay to CBP the amount of all storage expenses incurred on the Defendant Property, for a total amount due of Nine Thousand One Hundred Fourteen Dollars and Sixty-Eight Cents ($9,114.68). In consideration of this, and recognizing Claimant as having no earlier violations of 19 U.S.C. § 1526(e), the United States agrees to forgo any further enforcement action, either criminal or civil, against Claimant relating to the importation of the Defendant Property, including, but not limited to, the assertion of any claims for penalties/fines

under 19 U.S.C. § 1526, and that this shall constitute a full and final settlement of all claims that Claimant has as a result of the seizure. The parties additionally agree that neither the United States nor Claimant substantially prevailed in this litigation.

The Court hereby finds that the United States has furnished due and legal notice of the proceeding as required by statute, and that all persons known to the United States to have a possible interest in the Defendant Property have received actual notice and service of the Complaint and Warrant for Arrest in this action.

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. A Final Judgment of Forfeiture is hereby entered in favor of the United States against the Defendant Property, which shall be disposed of by the United States according to law and the terms of this Order.

2. Claimant shall remit Nine Thousand One Hundred Fourteen Dollars and Sixty-Eight Cents ($9,114.68) to the United States for the cost of storing the Defendant Property in return for the United States foregoing any further enforcement action, either criminal or civil, including under 19 U.S.C. § 1526, in relation to this forfeiture matter. Claimant shall not be entitled to receive any further consideration for this single waiver of 19 U.S.C. § 1526 penalties.

3. The parties shall be responsible for payment of their own expenses, including attorney's fees, incurred in connection with this proceeding.

4. The Clerk shall enter final judgment and administratively **CLOSE** this case. For the purpose of enforcing this Order, however, the United States District Court shall retain jurisdiction for **30 DAYS**.

**ORDER ENTERED** at Augusta, Georgia, this 9th day of July, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA